

*1044984989*

# IN THE DISTRICT COURT IN AND FOR LOGAN COUNTY
## STATE OF OKLAHOMA

| | | |
|---|---|---|
| BILLY CLARK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: CJ-2019- 221 |
| | ) | |
| SAMUEL DELAROSA, | ) | |
| | ) | |
| Defendant. | ) | |

## PETITION

Plaintiff alleges and states:

1.      This is an action by Plaintiff to recover actual and punitive damages as a result of negligence and gross negligence regarding a crash that took place in Guthrie, Logan County, Oklahoma.

### *Safety Rules That Must Be Followed*

2.      An important safety rule is that drivers must always pay full attention to the roadway to prevent catastrophe and protect everyone from harm.

3.      An important safety rule is that drivers must always drive without distractions to prevent catastrophe and protect everyone from harm.

### *Facts*

4.      According to the National Safety Council, in 2017, there were approximately 13.8 million crashes in the United States. Of those crashes, about 4.6 million people were seriously injured in 2017.

5.      In addition, the National Safety Council states that distracted driving is one of the main causes of car crashes. While many distractions exist while driving, cell phones are the worst cause of distracted driving with the National Safety Council estimating that 26% of all crashes

involve cell phones. Drivers using handheld or hands-free cell phones are four (4) times as likely to crash.

6.     On the afternoon of October 18, 2017, Plaintiff was traveling westbound and stopping for traffic near the 500 block of East State Highway 33 (West Noble Avenue). As Plaintiff came to a complete stop, Defendant Samuel Delarosa ("Delarosa") was headed westbound near the 600 block of East State Highway 33 (West Noble Avenue in a 2015 Ford F250. As he Plaintiff, Delarosa did not stop and violently struck Plaintiff directly from behind. The sheer force of the collision caused Plaintiff into the vehicle in front of him.

7.     Immediately after the collision, Plaintiff exited his vehicle to see if Delarosa was injured. Upon seeing Plaintiff, Delarosa apologized to Plaintiff for causing the collision and told Plaintiff that he had been looking down at his phone just prior to slamming into Plaintiff's vehicle. However, when the Guthrie Police Department arrived to the scene, Delarosa told Guthrie Police that there was a fly in the cab of the truck and he was attempting to get it out of the truck before he struck Plaintiff.  The Guthrie Police noted that an unsafe/unlawful contributing factor to the collision was Defendant Delarosa's inattention to driving due to a distraction inside the vehicle.

8.     At the time of the violent collision, Plaintiff was focused on traffic in front of him and was completely unaware of the oncoming impact.  Plaintiff estimates that Defendant Delarosa was traveling around 45 miles per hour and there is no evidence that Defendant Delarosa attempted to apply his brakes before impact. Although Plaintiff was able to get out of the vehicle, the force of the impact completely totaled Plaintiff's vehicle.

9.     At the time of the violent collision, Defendant had the duty to fully devote his attention to driving safely and stop his vehicle due to traffic congestion on the roadway.

10.     Defendant chose to drive with reckless disregard to the rights of others by choosing not to fully devote his attention to driving safely and by choosing not to stop to avoid impact with Plaintiff's vehicle.

11.     As a result, Plaintiff sustained catastrophic physical and mental injuries including, but not limited to: radiating pain and numbness/tingling in his right arm/hand, injuries to his right shoulder and right wrist requiring surgery as well as a traumatic brain injury with grade 3 concussion, memory loss with word finding difficulties, chronic intractable post-traumatic headaches and disequilibrium (difficulty walking, balance, and dizziness). As a result of such catastrophic injuries, Plaintiff was no longer able to perform his job responsibilities and was forced to retire from his position as General Manager of Eskridge Chevrolet.

12.     As a result of Defendant's negligence and gross negligence, Plaintiff has sustained actual damages in an amount not yet determined, but believed to be in excess of seventy-five thousands dollars ($75,000.00).

13.     Defendant violated City of Guthrie Ordinances Chapter 20, Article 6 § 20-105(A)(1), Article 7 §§ 115-117 and 47 O.S. § 11-901(A), which is negligence per se, causing Plaintiff to suffer damages as set forth above.

14.     As a result of Defendant's gross negligence, Plaintiff is entitled to punitive damages.

WHEREFORE, Plaintiff requests that he be granted judgment against Defendant for actual damages in an amount net yet determined, but believed to be in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code, together with costs, interest, and any other relief which this Court deems just and equitable.

Respectfully submitted,

Simone Fulmer, OBA #17037
Harrison C. Lujan, OBA #30154
Jacob L. Rowe, OBA #21797
Andrea R. Rust, OBA #30422
FULMER SILL PLLC
1101 N. Broadway Ext., Suite 102
P.O. Box 2448
Oklahoma City, OK  73103
Phone:   (405) 510-0077
Fax:     (800) 978-1345
Email:  sfulmer@fulmersill.com
hlujan@fulmersill.com
jrowe@fulmersill.com
arust@fulmersill.com

**ATTORNEYS FOR PLAINTIFF**

**ATTORNEY LIEN CLAIMED**
**JURY TRIAL DEMANDED**